UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,                          **MEMORANDUM AND ORDER**

      v.                                                20-CR-43 (RPK)

TAKHEM BOYNTON,

                Defendant.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Defendant Takhem Boynton moves to reduce his ten-year sentence for possession and discharge of a firearm during a crime of violence under 18 U.S.C. § 924(c). *See* Mot. to Reduce Sentence (Dkt. #94) ("Def.'s Mot."). Defendant argues that the conditions at the Metropolitan Detention Center in Brooklyn, where he was incarcerated during the pendency of his case, and the application of the 18 U.S.C. § 3553(a) factors warrant modification of his sentence. *See id.* at 3-7. For the reasons explained below, the motion is denied.

      Under the compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A), a defendant may "move for a reduction in sentence, up to and including release from prison, in federal district court after satisfying a statutory exhaustion requirement." *United States v. Jones*, 17 F.4th 371, 373-74 (2d Cir. 2021). Before reducing a term of imprisonment, "a district court must 'find[ ] that . . . extraordinary and compelling reasons warrant such a reduction.'" *Id.* at 374 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)) (brackets and alteration in original). If such reasons exist, the court must consider "'the factors set forth in section 3553(a) to the extent that they are applicable' before it can reduce the defendant's sentence." *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)). Defendant has not shown extraordinary and compelling reasons for a reduction of his sentence or demonstrated an entitlement to relief in light of the Section 3553(a) factors.

To establish extraordinary and compelling reasons for a sentence reduction, defendant relies primarily on the conditions of his confinement when he was held at the MDC, including being (i) subjected to time spent in lockdown; (ii) limited in his ability to make commissary purchases; and (iii) restricted in his ability to visit with his family. Def.'s Mot. 3-5. The COVID-19 pandemic has undoubtedly worsened the conditions of confinement at the MDC and other Bureau of Prisons facilities. *See Chunn v. Edge*, 465 F. Supp. 3d 168, 172, 180-98 (E.D.N.Y. 2020) (discussing conditions at the MDC early in the pandemic). But like many other courts, I am "unpersuaded that the difficult—but generalized—prison conditions during the COVID-19 pandemic" by themselves qualify as an "extraordinary and compelling reason" for the release of inmates incarcerated during the pandemic. *United States v. Sanchez*, No. 01-CR-74-2 (PAC), 2022 WL 4298694, *2 (S.D.N.Y. Sept. 19, 2022); *see, e.g., United States v. Williams*, No. 19-CR-5 (KAM), 2021 WL 1091905, *4 (E.D.N.Y. Mar. 22, 2021); *United States v. Padilla*, No. 18-CR-454-6 (KPF), 2020 WL 3958790, *1 (S.D.N.Y. July 13, 2020); *United States v. Yang*, No. 18-CR-33 (KMW), 2022 WL 901592, *2 (S.D.N.Y. Mar. 27, 2022); *United States v. Tellier*, No. 92-CR-869 (LGS), 2022 WL 1468381, *4 (S.D.N.Y. May 10, 2022).

Beyond pointing to prison conditions, defendant suggests that the fact that he was subject to a statutory minimum sentence provides an extraordinary and compelling reason for a sentence reduction. He reasons that the statutory minimum prevented the Court from varying downward from the Sentencing Guidelines' recommended sentence, as it did for his co-defendant Dominic Miles. Def.'s Mot. 7. That argument is unavailing.

Even if extraordinary and compelling reasons for reducing a sentence are present when a defendant was subject to a mandatory minimum that Congress later changed, *see United States v. Robles*, 553 F. Supp. 3d 172, 178-79 (S.D.N.Y. 2021) (noting disagreement on this point), a

2

defendant cannot establish such reasons merely by pointing to a mandatory minimum that remains in effect, *cf. United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) ("[T]here is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute."). And here, the mandatory minimum associated with defendant's firearms offense remains the law of the land.

Nor does the disparity between defendant's sentence and that of his codefendant Mr. Miles constitute an extraordinary and compelling reason for a sentence reduction. Some courts have concluded that egregious disparities in sentencing support relief. *See, e.g.*, *United States v. Ballard*, 552 F. Supp. 3d 461, 468 (S.D.N.Y. 2021); *Robles*, 553 F. Supp. 3d at 180-82. But no such disparity exists with Mr. Miles, who was sentenced to a *greater* prison term of 140 months.

Finally, even if extraordinary and compelling reasons for a sentence reduction were present, a reduction would be unwarranted based on the Section 3553(a) factors that generally inform sentencing. The need to protect the public, promote respect for the law, and provide adequate specific and general deterrence counsel against reducing a 120-month sentence for participation in an armed robbery in which defendant exhorted another participant to shoot the store clerk, after which the co-defendant did in fact fire four gunshots. And unlike many defendants who have sought and received sentencing reductions, Mr. Boynton does not presently offer compelling evidence of post-conviction rehabilitation. To the contrary, during the relatively limited time that he has been incarcerated, defendant has incurred repeated infractions for threatening bodily harm to others, among other violations of BOP rules. Presentence Investigation Report ¶ 58. On the present record, reducing defendant's sentence would not adequately reflect the seriousness of the offense, promote respect for the law, be consistent with specific or general deterrence, or otherwise provide just punishment.

For those reasons, defendant's motion for compassionate release is denied.

SO ORDERED.

>*/s/ Rachel Kovner*
>RACHEL P. KOVNER
>United States District Judge

Dated: October 12, 2022
       Brooklyn, New York